WILLIAM JOSLIN *vs.* BENJAMIN WYMAN.

A bond, given to a mortgagor by the mortgagee in possession just before his foreclosure is complete, conditioned to discharge the mortgage upon payment of the mortgage debt at a future day, before which the debt is paid and the mortgage discharged, prevents the foreclosure from taking effect.

BILL IN EQUITY for a reconveyance of land, and release of dower of the defendant's wife therein. The case is stated in the opinion.

THOMAS, J. This is, we think, a plain case. Milton Joslin made a mortgage of a tract of land to the defendant, dated October 10th 1848, conditioned for the payment of a note of $500 on demand. The plaintiff is the assignee of the equity and the bond. On the same day Joslin gave possession to the defendant for breach of condition and for the purpose of foreclosure. On the 7th of October 1851, when the foreclosure was about to expire, the defendant gave to Milton Joslin a bond with condition that if Joslin paid the note secured by the mortgage before the 3d of January then next, he would discharge, annul and cancel the mortgage. On the 1st of January 1852 he gave a second bond, with condition to discharge the mortgage if the note should be paid on or before the 21st of June then next. The note was paid before the 21st of June, and on that day the mortgage was cancelled and discharged.

We cannot doubt that a foreclosure may be opened by express agreement of parties, or by facts from which such an agreement may be inferred. See *Lawrence* v. *Fletcher*, 8 Met. 153; 2 Hilliard on Mortgages, 18, 131, 132. But in the present case we think it more correct to say the foreclosure never took effect. The effect of the bonds was to extend the time within which the party might redeem; to keep the foreclosure open. *Quint* v. *Little*, 4 Greenl. 495. The contract to receive payment of the note within the times specified, and upon such receipt to discharge the mortgage, was wholly inconsistent with the foreclosure taking place before the expiration of such periods.

As the estate was not foreclosed, no dower could be had, and no further act of release can be required of the defendant.

*Bill dismissed.*

*T. K. Ware*, for the plaintiff.
*N. Wood*, for the defendant.